UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BENNY MATTHEW GOVER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 10-2048 (ESH) |
| THE PRESIDENT; THE VICE PRESIDENT; THE CHIEF JUSTICE, | ) ) ) ) ) | |
| Defendant. | ) ) | |

# MEMORANDUM OPINION

Plaintiff Benny Matthew Gover has filed a 649-page "Complaint for Justice" against "The President, Representing the Executive Branch," "The Vice President As Speaker of the Senate, Representing the Legislative Branch," and "The Chief Justice of the Supreme Court, Representing the Judicial Branch" as "in total representing the entire United States Government." (Compl. at 1.) Plaintiff's complaint seeks relief on the ground that "Government Officials of the United States of America have not enforced the requirements of Establish (proving truth) Justice (fair and moral judgments.)" (Compl. at 16.) As relief for these officials' alleged "negligence of duty," plaintiff asks the Court to enter 19 different declaratory and/or injunctive orders. (Compl. at 20.)

A district court may dismiss a complaint *sua sponte* prior to service on the defendants, pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject-matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902 (D.C. Cir. Apr. 2, 2010) (citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786

(D.C. Cir. Jan. 24, 2008); *Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.*, 326 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433-34 (5th Cir. 1983)). Subject matter jurisdiction is lacking where a complaint "is patently insubstantial presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994), *quoted in Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009). A claim is "patently insubstantial" when it is "flimsier than doubtful or questionable . . . essentially fictitious." *Id.* (internal quotations omitted); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous"); *see*, *e.g.*, *Peters v. Obama*, Misc. No. 10-0298, 2010 WL 2541066 (D.D.C. June 21, 2010) (*sua sponte* dismissing complaint alleging that President Obama had been served with and failed to respond to an "Imperial Writ of Habeas Corpus" by the "Imperial Dominion of Axemem," requiring the plaintiff's immediate release from a correctional institution).

Plaintiff's allegations in the present case present "no federal question suitable for decision." *Best*, 39 F.3d at 330. Plaintiff essentially asks the Court to enjoin all three branches of government from taking any actions that do not comport with his views as to how government should function. He cites no legal authority for his complaint other than the "establish justice" language in the Preamble to the United States Constitution. Although mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519 (1972), *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), the Court clearly lacks the power to grant the relief

plaintiff seeks.

Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion will be issued separately.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: December 7, 2010